IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AUDREY WARNSLEY**                                                                          **PLAINTIFF**

**V.**                                                                              **CAUSE NO. 3:15-CV-735-CWR-LRA**

**CASH, INC. OF MISSISSIPPI**                                                  **DEFENDANT**

**ORDER**

Before the Court is the defendant's "motion to strike certain claims." Docket No. 7. The matter is fully briefed and ready for review.

**I.     Factual and Procedural History**

The allegations in this case are not entirely clear from the complaint, but will be summarized as best as can be discerned.

Audrey Warnsley is a current or former employee of Cash, Inc. She claims that from 2011 to October 2014, her supervisor made racist remarks to her because Warnsley is married to an African-American and is the mother of three biracial children. The "racial, racist and discriminatory remarks . . . were so cruel and outrageous" that they caused her anxiety, depression, and other mental health issues. Warnsley adds that when she opposed her supervisor's comments, she "was made to work in dangerous toxic mold . . . in that the company never moved the office." Warnsley also suggests that a raise was delayed in retaliation for her having an African-American husband and biracial children.

Warnsley's complaint claims violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act (ADA). She also brings a variety state law claims. She seeks compensatory and punitive damages.

The complaint was originally filed in state court. Cash, Inc. removed it here. It now argues that Warnsley's Title VII and ADA claims are inadequately pled.

**II.     Legal Standard**

Although captioned as a motion to strike, the defendant's request is in truth a motion to dismiss for failure to state a claim.

When considering a motion to dismiss, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted).

**III.    Discussion**

Warnsley first argues that the motion to dismiss is improper because she has not yet been permitted to take any discovery. The argument lacks merit.

A motion to dismiss is not designed to examine the plaintiff's evidence (or lack thereof). Rather, it is to see whether, accepting all of the allegations in the complaint as true, the plaintiff has stated a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. A plaintiff who has stated a claim need not have any discovery to survive a motion to dismiss. Similarly, a defendant who identifies an irremediable defect in the plaintiff's complaint need not be subjected

to the costs of discovery only to later succeed at summary judgment; the case should end at the earlier juncture.

For these reasons, Warnsley's objection is overruled. The Court will proceed to the merits of the defendant's arguments.

### A. Title VII

Cash, Inc. argues that Warnsley's Title VII claim fails to explain how her supervisor's comments injured her and fails to specify what amount of damages are sought.

The elements of this claim are well-established:

> A plaintiff may establish a Title VII violation based on race discrimination creating a hostile work environment. In order to establish a hostile working environment claim, [the plaintiff] must prove: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quotation marks and citations omitted).

Viewing the complaint against these elements, the Court finds that Warnsley has stated a claim for Title VII hostile work environment. Warnsley's supervisor's discriminatory comments allegedly harmed her by causing anxiety, depression, other unspecified mental health issues, and a delayed raise. The complaint also adequately gives notice that compensatory damages are sought; no specific sum was necessary. Although the complaint could certainly be more detailed, it satisfies the pleading standard set forth in *Iqbal* on this claim.[1]

---

[1] It is worth mentioning that the defendant did not state the elements of this claim and therefore did not point to any specific element which was lacking.

B.     ADA

Cash, Inc. next contends that Warnsley has failed to set forth several of the required elements of an ADA claim.

To make out a prima facie case of employment discrimination under the Americans with Disabilities Act, a plaintiff must state that: "(1) the plaintiff has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, --- F.3d ---, 2016 WL 157983, at *2 (5th Cir. Jan. 13, 2016) (citations omitted).

In this case, assuming for present purposes that Warnsley has stated the first two elements, she has failed to set out the third. The complaint alleges that she was subject to adverse employment actions because of her association with African-Americans, not because of a disability.[2] The physical harm and mental distress she suffered were explained as *consequences* of racial discrimination, not causes of disability discrimination.

As a result, Warnsley has failed to state a claim for employment discrimination under the ADA. This cause of action is dismissed.

IV.    Conclusion

The motion is granted in part and denied in part.

**SO ORDERED**, this the 10th day of February, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] Warnsley also alleges that her supervisor threatened to make her life "'a living hell' and terminate her if she disclosed certain information about unlawful [sic] with respect to [the supervisor]." Docket No. 7-1, at 2. This incomplete allegation provides no support for plaintiff's contention that she has stated a claim under the ADA.